IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

ROBERT BAILEY,

  Plaintiff,

vs.

UNITED STATES OF AMERICA,

  Defendant.

No. C09-2004-LRR
No. CR06-2013-LRR

ORDER

## *I. INTRODUCTION*

  This matter appears before the court on Robert Bailey's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1) and motion to toll the statute of limitation (docket no. 2). Robert Bailey ("the movant") filed both motions on January 21, 2009. For the following reasons, the movant's motion to toll the statute of limitation and his 28 U.S.C. § 2255 motion shall be denied.[1] Additionally, a certificate of appealability shall be denied.

---

[1] No response from the government is required because the 28 U.S.C. § 2255 motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id.*; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id*. (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[2]

### B. Timeliness Under the AEDPA and 28 U.S.C. § 2255

The AEDPA contains a one year period of limitation during which a 28 U.S.C. § 2255 motion must be filed.[3] The statute of limitation begins to run from the latest of four

---

[2] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

[3] A 1-year period of limitation shall apply to a motion under this section.
 The limitation period shall run from the latest of—
(continued...)

circumstances. The first of these circumstances is the date on which the judgment of conviction became final. Here, the movant's conviction became "final" on January 7, 2008, that is, the date that the Supreme Court denied the movant's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *see also Diaz-Diaz v. United States*, 297 Fed. App'x 574, 575 (8th Cir. 2008) (applying 28 U.S.C. § 2255(f)(1)). Given such date, the movant needed to file his 28 U.S.C. § 2255 motion by no later than January 7, 2009. The movant did not file his 28 U.S.C. § 2255 motion until January 13, 2009, which is several days too late. Further, the movant's situation does not fall under any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255.

The Eighth Circuit Court of Appeals has held that the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions. *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005). However, equitable tolling only applies "where 'extraordinary

---

(...continued)

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

circumstances' beyond a prisoner's control prevent timely filing." *Id*. at 1093 (citing *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), and *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)). "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *Id*. (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), and *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003)); *see also Kreutzer*, 231 F.3d at 463 (holding "counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"). Although he asks the court for more time to file, the movant does not offer a valid excuse for failing to timely file his 28 U.S.C. § 2255 motion. The movant does not account for the year that he had to file his action, that is, he does not explain why he waited until nearly the entire period had expired. And, he does not explain why he did not exercise prudence and verify the court's correct address before submitting his documents. Therefore, the court finds that the movant's situation does not fall within the limitation period allowed by 28 U.S.C. § 2255.

In sum, the claim that the movant asserts could have been asserted before a judgment of conviction was entered, on direct appeal or in a timely 28 U.S.C. § 2255 motion. "'The one year period provided him with reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.'" *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000) (quoting *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). Although this is a harsh rule, it is the law. Accordingly, the movant's 28 U.S.C. § 2255 motion shall be denied as untimely.

### *C. Merits*

Alternatively, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368

U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The court concludes that the movant knowingly and voluntarily pleaded guilty. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction). Further, because the court and the Eighth Circuit Court of Appeals already determined that the movant qualified as a career offender, those determinations cannot be disturbed. *See, e.g., United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." (citing *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000)); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (concluding claims already addressed on direct appeal could not be raised); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding movant "cannot raise the same issues [. . .] that have been decided on direct appeal or in a new trial motion"); *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated . . . ."); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding movant is not entitled to another review of his question).[4] Lastly, the court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*,

---

[4] The court notes that the movant misstates the offense of conviction and misunderstands the application of USSG §4B1.1 and USSG §4B1.2, that is, the career offender sentencing guidelines.

466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. Nothing the movant states in support of his request for relief leads the court to conclude that a violation of the Sixth Amendment occurred. Thus, none of the alleged errors that are asserted by the movant warrant relief under 28 U.S.C. § 2255. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

### D. *Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

7

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claim that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:
1) The movant's motion to toll the statute of limitation (docket no. 2) is denied.
2) The movant's 28 U.S.C. § 2255 motion (docket no. 1) is denied.

3) A certificate of appealability is denied.

**DATED** this 5th day of January, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA